# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CROCE, | Case No. 2:16-cv-02244-RFB-NJK |
| Plaintiff, | |
| vs. | ORDER |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, et al., | (Docket No. 48) |
| Defendants. | |

Pending before the Court is the parties' stipulation to continue the date of the settlement conference scheduled on March 21, 2018. Docket No. 48. On December 13, 2017, the parties filed a joint motion for a settlement conference before the Court. Docket No. 44. The next day, December 14, 2017, the Court granted the parties' motion and set the settlement conference for March 21, 2018. Docket No. 45. The Court's order required requests to change the date of the settlement conference to be filed within seven days of the issuance of the order. *Id*. at 1. The order provided that such requests must include at least five alternative dates on which all required participants are available to attend the settlement conference. *Id.*

On December 18, 2017, Defendants Massachusetts Mutual Life Insurance Company and Wells Fargo Advisors, LLC filed a motion for telephonic appearance of certain of their representatives at the settlement conference. Docket No. 46. The next day, December 19, 2017, the Court denied Defendants' motion. Docket No. 47. The Court found that the parties' stated reasons for the telephonic appearances

were not "compelling justification to deviate from the personal appearance requirements that the Court has found allows for a productive settlement conference." *Id*. at 2.  Nonetheless, as the Court had set the settlement conference at the request of the parties, the Court allowed the parties until January 10, 2018 to file a request to vacate the settlement conference, if they so chose. *Id*.

On January 5, 2018, the parties filed a stipulation to move the date of the settlement conference. Docket No. 48.  The parties stipulate that the settlement conference shall be rescheduled to March 20, 2018. *Id*. at 2.  The parties' stipulation does not provide five alternative dates on which all required participants are available to attend the settlement conference and, instead, provides only one date - a date on which the Court is unavailable.  The Court therefore **DENIES** the parties' stipulation without prejudice.  Docket No. 48.  The Court further **ORDERS** the parties to meet, confer, and jointly submit either five alternative dates on which all required participants are available to attend the settlement conference, or a request to vacate the settlement conference, no later than January 10, 2018.

IT IS SO ORDERED.

DATED: January 5, 2018

_____
Nancy J. Koppe
United States Magistrate Judge